```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

BEVERLY J. FALKNER,

    Plaintiff,

vs.                                                           No. 11-2786-STA-cgc

PYRAMID USED CARS, et al.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

On September 12, 2011, Plaintiff Beverly J. Falkner a/k/a Beverly J. Richmond, a resident of Memphis, Tennessee, commenced a pro se civil action and sought leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) On September 13, 2011, the Court granted leave to proceed in forma pauperis. (ECF No. 3.) The Court issued an order on November 18, 2011, that dismissed the action, sua sponte, for want of subject-matter jurisdiction, certified that an appeal would not be taken in good faith, and denied leave to proceed in forma pauperis on appeal. (ECF No. 5.) Judgment was entered on November 18, 2011. (ECF No. 5.) On January 23, 2012, Plaintiff filed a Motion for Rescinding of Dismissal and Miscellaneous Relief (ECF No. 6), which the Court CONSTRUES as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004) (quoting Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993)). "A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues." McNeil v. United States, 113 F. App'x 95, 97-98 (6th Cir. 2004).

Plaintiff's motion is difficult to decipher. She notes, correctly, that the order granting leave to proceed <u>in forma pauperis</u> bore docket number 11-2785 (ECF No. 6 at 1), but she does not explain the significance of that typographical error. The order was docketed in the instant case, and Plaintiff is not a party to case number 11-2785.

Plaintiff also complains that she "was not allowed the opportunity to respond with Certificate of Service" (ECF No. 6 at 1), which presumably means that Plaintiff objects to the dismissal of the instant case prior to its service on the defendants. The case was dismissed <u>sua sponte</u> for want of subject-matter jurisdiction for the reasons stated in the previous order. Plaintiff's motion for relief from judgment does not address this Court's subject-matter jurisdiction.

The motion for relief from judgment is DENIED.

IT IS SO ORDERED this 26th day of January, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE